IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. AP-76,665






Ex parte ADRIAN CHAVEZ, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

HARRIS COUNTY





 Womack, J., filed a concurring opinion in which Hervey, J., joined.



 I join the opinion of the Court. I write separately to address a matter that is raised in the
Presiding Judge's dissenting opinion.


 That opinion, in discussing the various standards of review we apply to false testimony
claims, says that "it is possible" that a different standard of review would apply if the testimony
at issue were merely "false" (as distinguished from "perjured"). The opinion suggests that the
standard of review we would apply might vary with the moral culpability of the witness: "When
the testimony is perjured, a non-state actor has knowingly subverted the system, but when the
testimony is merely false, the relevant actors may have been merely negligent or have no
culpability at all." (1)

 I believe our recent opinion in Ex parte Ghahremani (2) definitively answered the question
of whether there is a difference, for purposes of a due-process claim, between perjured testimony
and false testimony. In that case, the State knowingly presented false testimony regarding the
psychological effect that the applicant's crime had had on one of the victims. The victim's
parents had testified in a way that was not perjurious, but that created a false impression by
omitting important intervening events that occurred between the applicant's crime and the
victim's most intensive therapy. We held that, for the purpose of due-process claims, there was
no difference between "false" and "perjured" testimony: "It is sufficient if the witness's
testimony gives the trier of fact a false impression. These rules are not aimed at preventing the
crime of perjury - which is punishable in its own right - but are designed to ensure that the
defendant is convicted and sentenced on truthful testimony." (3) 

 Distinguishing whether the testimony at an applicant's trial was perjured or false does not
bear on the question of whether the applicant was convicted and sentenced on truthful testimony.
While the facts of Ghahremani did not involve the precise sort of case that the Presiding Judge
imagines - where the State has unknowingly used false but non-perjurious testimony - I see no
reason why the rule we established in Ghahremani would apply differently to such facts.

 In Estrada v. State, (4) the State unknowingly used false testimony, without any accusation
of perjury. We granted relief after noting that there was a "fair probability" that the testimony
affected the outcome of the appellant's punishment hearing. That standard is easier to meet than
the "preponderance of the evidence" standard we applied to the State's unknowing use of
perjured testimony in Ex parte Chabot. (5) "Fair probability" seems similar to the "reasonable
probability" standard that we applied to the State's knowing use of false but non-perjured
testimony in Gharemani. However, Estrada was a death penalty case, and in our holding we
cited Supreme Court cases interpreting both the Due Process Clause and the Eighth Amendment.
It may be that the Eighth Amendment has a heightened truth requirement for evidence presented
at the punishment phase of a death penalty case.

 As the Presiding Judge's otherwise excellent discourse on the standards of review in false
testimony cases makes clear, the only way the distinction between false and perjured testimony
could be relevant in a non-death-penalty case would be where (1) the State unknowingly
presented false, but not perjured, testimony, and (2) the applicant can prove, by a preponderance
of the evidence, that, but for the false-but-not-perjured testimony, the result of his trial would
have been different, but (3) the applicant cannot meet a higher burden of proof ("by clear and
convincing evidence," or "beyond a reasonable doubt," I suppose) to show that, but for the false-but-not-perjured testimony, the result of his trial would have been different. Leaving aside our
holding in Ghahremani, I have difficulty imagining any court's specifically carving out a rule in
order to let such a conviction stand.


Filed May 23, 2012.

Publish.
1. Post, at 9.
2. 332 S.W.3d 470 (Tex. Cr. App. 2011).
3. Id., at 477-78 (quotations and citations omitted). See also United States v. Boyd, 55 F.3d 239, 243 (7th
Cir. 1995) (Posner, J.) ("The wrong of knowing use by prosecutors of perjured testimony does not require a
determination that the witness could have been successfully prosecuted [for perjury]. Successful prosecution would
require proof beyond a reasonable doubt not only that the witness's testimony had been false but also that it had been
knowingly false (and hence perjury). The wrong of knowing use by prosecutors of perjured testimony is different,
and misnamed - it is knowing use of false testimony. It is enough that the jury was likely to understand the witness to
have said something that was, as the prosecution knew, false.  [This] is implicit in the frequent use of 'false' as a
synonym for 'perjured' in cases in which prosecutors are claimed to have knowingly used perjured testimony. E.g.,
United States v. Agurs, 427 U.S. 97, 103 (1976) .").
4. 313 S.W.3d 274 (Tex. Cr. App. 2010) 
5. 300 S.W.3d 768 (Tex. Cr. App. 2009).